[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff moves to reargue this court's decision sustaining plaintiff's objection to plaintiff's motion for a deficiency judgment. The objection was sustained on the grounds the motion had not been served on defendant's counsel within the thirty days required by C.G.S. § 49a-14.
The facts, as more thoroughly revealed by the court examining the file, are as follows:
Plaintiff started this foreclosure action against defendant Daniel A. Dubois by making abode service on his residence at 422J Emmett Street, Bristol, Connecticut on April 21, 1998. On May 12, 1998, plaintiff moved to default Dubois for failure to appear. On May 18, 1998, default on that motion was granted. On May 19, 1998, plaintiff moved for judgment of strict foreclosure and reclaimed it on June 2, 1998. On June 11, 1998, Attorney David S. Koskoff entered an appearance on behalf of Dubois. The reclaim of the motion for judgment on June 2, 1998 certified notice to Dubois, but not to his attorney, Koskoff. On June 15, 1998, judgment of strict foreclosure was entered with a law day of July 27, 1997 for Dubois as owner of the equity. Notice of that judgment was sent by the court to Attorney Koskoff, but sent by plaintiff to Dubois only on June 24,
On August 3, 1998, plaintiff moved for a deficiency judgment against Dubois and plaintiff certified service by mail to Dubois and not to Attorney Koskoff. The motion came on the short calendar on August 24, 1998 and the calendar lists Attorney Koskoff as attorney for a defendant. The motion was marked off that day. Plaintiff reclaimed the motion for deficiency judgment on October 16, 1998, again certifying notice by mail to Dubois and not to Attorney Koskoff. On October 19, 1998, Koskoff filed an objection to the motion on the grounds "no such motion has been served upon defense counsel as required by Practice Book Section 10-12(a). Defendant's attorney is aware of the likelihood that such a motion has been filed only because defense counsel did receive a `preliminary computation' for a deficiency judgment, which makes defense counsel suspect that a motion for deficiency judgment may have been filed."
In support of his objection to plaintiff's motion for deficiency judgment, defendant invokes C.G.S. § 49a-14. That section requires that a motion for deficiency judgment must be filed "within thirty days after the time limited for redemption CT Page 5332 has expired." Defendant also invokes Practice Book Section 10-12
that imposes on counsel the responsibility to serve a copy of any pleading after the complaint upon the appearing attorney for an opposing party. Here plaintiff filed with the court a motion for deficiency judgment on August 3, 1998, which was within the thirty days of the last law day of July 30, 1998; however, it did not serve that motion on defendant's counsel. Defendant argues that the filing referred to in § 49a-14 must be read in conjunction with Practice Book § 10-12, and since plaintiff did not serve defendant's counsel with the motion within the thirty days, plaintiff did not file it in compliance with § 49a-14.
Plaintiff argues that while its counsel did not serve defendant's counsel with the motion for deficiency judgment filed with the court, the motion came on the calendar on August 24, 1998, still within the thirty days of the last law day, and the calendar indicates Attorney Koskoff got notice of the motion.
However, the court does not have to decide the merits of this argument. The file reveals the judgment is defective. Defendant Dubois was defaulted for failure to appear on May 18, 1998. Attorney Koskoff filed an appearance for him on June 11, 1998. Default judgment was entered on June 15, 1998.
Practice Book § 17-20(c) provides:
 "If the defaulted party filed an appearance in the action prior to the entry of judgment after default, the default shall be automatically set aside by the clerk."
Here, by reason of Attorney Koskoff's appearance after Dubois was defaulted and before the entry of judgment, the clerk should have set aside the default. The plaintiff then had the recourse to move for default against Dubois for failure to plead or to disclose a defense. The fact plaintiff did not know of Attorney Koskoff's appearance before the entry of judgment on June 15, 1998 does not correct the situation. The court should have acted to comply with the Practice Book. Dubois was not properly defaulted, so the court erred in entering the judgment of foreclosure by default against him. This error imperils the stability of the judgment and of title flowing from that judgment. The better part of wisdom is to correct the error now than to allow a flaw in the title to affect conveyances later.
This court finds the judgment is defective and on its own CT Page 5333 motion sets it aside. The plaintiff can move to default defendant Dubois and then move for judgment in accordance with our rules.
For reasons stated above, the judgment of strict foreclosure in favor of plaintiff, dated June 15, 1998, is set aside. As a consequence, the controversy over the deficiency judgment is not meet for determination.
Robert Satter, JTR